# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

SHAYNATHIAN R. HICKS, )
)
Petitioner, )
)
v. ) Case No. CIV 08-173-RAW-KEW
)
JAMES RUDEK, Warden, )
)
Respondent. )

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Oklahoma State Reformatory in Granite, Oklahoma, attacks his conviction in Atoka County District Court Case Number CF-2004-186 for Injury of Minor Child.[1] He sets forth the following grounds for relief:

    I.     The evidence was insufficient to support petitioner's conviction for Injury of a Minor Child (child abuse).

    II.    Petitioner's constitutional right to confront the witnesses against him at trial was denied by admission of preliminary hearing testimony of witnesses the court found "unavailable."

    III.   Petitioner was prejudiced by errors in instructing the jury.

    IV.   The prosecutor's misconduct denied petitioner a fair trial.

    V.    Petitioner was prejudiced by judicial bias in the trial.

---

[1] Petitioner also was convicted of Indecent Exposure, Attempted Rape, two counts of Transferring Fluid Upon a County Employee, and misdemeanor charges of Domestic Abuse in the Presence of a Minor and Resisting an Officer. The Indecent Exposure conviction was reversed on direct appeal. *Hicks v. State*, No. F-2005-1058 (Okla. Crim. App. Mar. 26, 2007).

VI. Petitioner's sentences are excessive and should be modified.

The respondent concedes that petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review and has submitted the following records to the court for consideration in this matter:

A. Petitioner's direct appeal brief.

B. The State's brief in petitioner's direct appeal.

C. Summary Opinion affirming petitioner's judgment and sentence. *Hicks v. State*, No. F-2005-1058 (Okla. Crim. App. Mar 26, 2007).

D. Original Record.

E. Transcripts of petitioner's preliminary hearing and trial proceedings.

**Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Even if a state court resolves a claim in a summary fashion with little or no reasoning, [the federal habeas court] owe[s] deference to the state court's result." *Paine v. Massie*, 339 F.3d 1194, 1198 (10th Cir. 2003).

**Ground I: Sufficiency of the Evidence**

Petitioner alleges in Ground I that the State failed to prove the elements of Injury of

2

a Minor Child. According to petitioner, the victim A.C. testified that petitioner "kind of moved" her hand, later backed her in a wall and choked her, and then he pushed her to the floor and left the apartment. A.C., however, sustained no injuries. The Oklahoma Court of Criminal Appeals (OCCA) denied relief on this claim without explanation in petitioner's direct appeal. *Hicks v. State*, No. F-2005-1058, slip op. at 3 (Okla. Crim. App. Mar 26, 2007).

"Sufficiency of the evidence can be considered to be a mixed question of law and fact." *Case v. Mondagon*, 887 F. 2d 1388, 1392 (10th Cir. 1989), *cert. denied*, 494 U.S. 1035 (1990). In federal habeas review of a state court conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

The Supreme Court repeatedly has emphasized the deference the reviewing court owes to the trier of fact and "the sharply limited nature of constitutional sufficiency review." *Wright v. West*, 505 U.S. 277, 296 (1992) (citing *Jackson*, 443 U.S. at 319). "[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326. The court must "accept the jury's resolution of the evidence as long as it is within the bounds of reason." *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993) (citing *United States v. Edmondson*, 962 F.2d 1535, 1548 (10th Cir. 1992)). "To be sufficient, the evidence supporting the conviction must be substantial; that is, it must do more than raise a mere suspicion of guilt." *Beachum v. Tansy*, 903 F.2d 1321, 1332 (10th

3

Cir.), *cert. denied*, 498 U.S. 904 (1990) (citing *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987)).

To determine whether there was sufficient evidence presented at trial to sustain petitioner's conviction, the court first must look to Oklahoma law for the elements required for the crime. *Jackson*, 443 U.S. at 324 n.16; *see also Torres v. Mullin*, 317 F.3d 1145, 1152 (10th Cir.), *cert. denied*, 540 U.S. 1035 (2003). The jury was instructed on the following elements of Injury to a Minor Child, Okla. Stat. tit. 10, § 7115 (2002) (renumbered as Okla. Stat. tit. 21, § 843.5(a), effective May 21, 2009):

1. A person willfully engaged in;

2. injuring;

3. of a child under the age of eighteen.

Instruction No. 4-35 OUJI-CR 2d. (Supp. 2000) (O.R. 49). The trial court defined "injury" to mean "physical pain, illness or any impairment of physical condition." (O.R. 49).

Yolanda Bertis, petitioner's girlfriend at the time, testified at trial that on November 29, 2004, she returned to her Atoka, Oklahoma, apartment, where she lived with her two-year-old daughter (Tr. I 52-55). Petitioner lived with Ms. Bertis part of the time (Tr. I 53-34). The victim A.C, who was Ms. Bertis' 15-year-old sister, was with the toddler at the apartment when Ms. Bertis arrived home (Tr. I 55). Petitioner and A.C.'s 16-year-old boyfriend C.S. were downstairs in petitioner's sister's apartment, listening to CDs and drinking, and petitioner was intoxicated (Tr. I 55-57, 60). Ms. Bertis went downstairs where she and petitioner had an argument, and petitioner choked her. (Tr. I 57-59). Ms. Bertis hit petitioner and pushed him back to free herself (Tr. I 59). Petitioner and Ms. Bertis then went upstairs to her apartment (Tr. I 59). After about 10 or 15 minutes, petitioner left Ms. Bertis's

4

apartment, and A.C. locked the door (Tr. I 59-60).

About ten minutes later, petitioner returned to Ms. Bertis's apartment and banged on the locked door and the window (Tr. I 61, 78). He then broke out the window by the door and entered through the window, cursing and wanting to know why he had been locked out (Tr. 61-62, 67). Ms. Bertis saw that petitioner's arm and hand were bleeding (Tr. I 62). They began arguing again, and petitioner pushed Ms. Bertis against the wall (Tr. I 62-63). A.C. came out of the bedroom and pushed petitioner to get him off Ms. Bertis (Tr. I 63-64). Petitioner then grabbed A.C. by her shirt and pushed her against the wall (Tr. I 64-65). A.C. was seven months pregnant at the time (Tr. I 86). Ms. Bertis ran out of the apartment, and petitioner followed her (Tr. 66-67).

The victim A.C.'s preliminary hearing testimony was read at petitioner's trial (Tr. I 96-97). She testified that she locked the front door when petitioner left Ms. Bertis's apartment, because he was angry and she felt uncomfortable with him (Tr. I 76). Petitioner also appeared to be intoxicated (Tr. I 76). When he returned to Ms. Bertis's apartment, he knocked on the window and door and started yelling (Tr. I 76-77). Ms. Bertis told A.C. to open the door, but petitioner then broke out the window (Tr. I 77). A.C. went into the bedroom, and Ms. Bertis went into the front room (Tr. I 77). When A.C. came into the front room, she saw that petitioner had Ms. Bertis pinned against the wall (Tr. I 78). A.C. told petitioner to stop, because the two-year-old was there (Tr. I 79). Petitioner did not stop, so A.C. pushed him (Tr. I 79). The toddler came out of the bedroom into the front room, and A.C. picked her up and started to run out the door to get her to safety (Tr. I 79-80). Petitioner then pushed A.C., backed her against the wall, and choked her as she held the child (Tr. I 79-80). When Ms. Bertis ran out the door, petitioner threw A.C. to the floor and went after Ms.

5

Bertis (Tr. I 80-81). A.C. went to the hospital because of her pregnancy, but she had no injuries (Tr. I 82-83, 87-88).

After careful review, the court finds the evidence was sufficient under the standard of *Jackson v. Virginia*. The record clearly reflects that petitioner willfully injured A.C., the 15-year-old victim, when he shoved her against the wall, choked her, and then pushed her to the floor. The OCCA's denial of this claim, therefore, was not contrary to or an unreasonable application of federal law, and the state court's decision was not based on an unreasonable determination of the facts in light of the evidence presented at trial. *See* 28 U.S.C. 2254(d). This ground for habeas corpus relief fails.

**Ground II: Confrontation of Witnesses**

Petitioner next alleges he was denied his constitutional right to confront the witnesses against him at trial, when A.C.'s and C.S.'s preliminary hearing testimony was admitted over petitioner's objections. The OCCA found no constitutional violation and denied relief:

> [Petitioner] challenges the District Court's ruling that two prosecution witnesses were unavailable, and the resulting admission of their transcribed testimony from the preliminary examination. We find the District Court's ruling that the witnesses were unavailable supported by the record. The District Court's admission of the transcripts was not an abuse of discretion and did not deny [petitioner] his constitutional right to confront his accusers. *Barber v. Page*, 390 U.S. 719 (1968); *Primeaux v. State*, 88 P.3d 893 (Okla. Crim. App. 2004); *Crawford v. Washington*, 541 U.S. 36 (2004).

*Hicks*, No. F-2005-1058, slip op. at 3-4.

The record shows that A.C., the victim, and her 16-year-old boyfriend C.S., testified under oath at the preliminary hearing, and they were extensively cross-examined by the same attorney who represented petitioner at trial. The Atoka County Sheriff testified that he sent a subpoena for C.S. to the police chief in Caddo, Oklahoma, based on information that C.S.

6

was living in Caddo (Tr. I 17-18). The Caddo police were unable to locate C.S., and the subpoena was returned unserved. (Tr. I 18). The prosecutor also had the sheriff attempt to serve a subpoena on A.C. at her mother's house in Atoka County, but A.C. was not living with her mother at the time and could not be served. (Tr. I 19-20).

A.C.'s mother Anita Cooper testified that A.C. and C.S. were living in Wichita, Kansas, with C.S.'s father. (Tr. I 20-22). A.C. and C.S. did not have transportation from Kansas to attend the trial (Tr. I 21).

*Crawford v. Washington*, 541 U.S. 36 (2004), held that the Confrontation Clause prohibits admission of testimonial hearsay, unless the declarant is unavailable and there was a prior opportunity for cross-examination. *Id.*, 541 U.S. at 68. While the *Crawford* court declined to define "testimonial," it indicated it includes, at a minimum, prior testimony at a preliminary hearing, before a grand jury, at a former trial, and statements made during police interrogations. *Id.* The Tenth Circuit Court of Appeals has upheld the use of prior testimony at trial under *Crawford*, where the witness was unavailable for trial but was subject to cross-examination in the prior proceeding.

The record shows that A.C. and C.S. were unavailable at trial. The prosecutor attempted to subpoena them before the trial, and the Atoka County Sheriff testified that, based on information about their location, he sent subpoenas to the appropriate sheriffs, but the two witnesses could not be located. Based on these facts, the court finds the State exercised due diligence in attempting to secure the presence of the two witnesses at trial. Therefore, their prior sworn testimony from the preliminary hearing, when they were cross-examined by petitioner's counsel, was admissible under *Crawford*. Furthermore, the OCCA's determination of this issue was consistent with federal law. Ground II of the

7

petition fails.

**Ground III: Jury Instructions**

Petitioner claims in Ground III that the trial court erred by instructing the jury on the definition of "injury" to include "physical pain." The OCCA found no error:

> [Petitioner] argues that errors in the instructions to the jury denied [him] a fair trial. [He] has waived all but plain error by failing to object to the instructions at trial. *Simpson v. State*, 876 P.2d 690 (Okla. Crim. App. 1994). Jury instructions are committed to the sound discretion of the District Court. *Dill v. State*, 122 P.3d 866, 869 (Okla. Crim. App. 2005). We consider the jury instructions as a whole to determine whether they fairly and accurately state the law. *Ashinsky v. State*, 780 P.2d 201 (Okla. Crim. App. 1989). [Petitioner] fails to show plain error in the District Court's instructions to the jury. This proposition is waived.

*Hicks*, No. F-2005-1058, slip op. at 4.

The respondent asserts this claim involves an issue of state law which is not cognizable in federal habeas corpus.

> In a habeas corpus proceeding attacking a state court judgment based on an erroneous jury instruction, a petitioner has a great burden. *Lujan v. Tansy*, 2 F. 3d 1031, 1035 (10th Cir. 1993), *cert. denied*, 510 U.S. 1120 (1994). A state conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial. *Shafer v. Stratton*, 906 F.2d 506, 508 (10th Cir. 1990), *cert. denied*, 498 U.S. 961 (1990). "The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal." *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977) (footnote omitted). The question in this proceeding is not whether the instruction is "undesirable, erroneous, or even 'universally condemned,'" but whether the instruction so infected the trial that the resulting conviction violates due process. *Id.* (quoting *Cupp v. Naughten*, 414 U.S. 141, 146 (1973)). . . .

*Maes v. Thomas*, 46 F. 3d 979, 984 (10th Cir.), *cert. denied*, 514 U.S. 1115 (1995).

8

Here, the court finds petitioner has failed to show that the OCCA's determination regarding the jury instructions was contrary to, or an unreasonable application of, federal law. 28 U.S.C. § 2254(d). Furthermore, the jury instructions, taken as a whole, accurately stated the law, and the definition of "injury" did not reduce the State's burden of proof or otherwise disadvantage petitioner. *See Gilson v. State*, 8 P.3d 883, 916 (Okla. Crim. App. 2000). *cert. denied*, 522 U.S. 962 (2001). This claim also is meritless.

**Ground IV: Prosecutorial Misconduct**

Petitioner alleges in Ground IV that he was denied a fair trial, when the prosecutor injected his own testimony and attacked defense counsel within the jury's hearing. Petitioner complained on direct appeal that the prosecutor (1) injected facts not in evidence and repeatedly attacked defense counsel's veracity, (2) commented on the defense's failure to present witnesses and tried to shift the burden of proof to the defense, (3) resorted to gender bias in closing argument, (4) misstated the law in closing argument, and (5) used leading questions in direct examinations. The OCCA found no basis for relief:

> [Petitioner] argues prosecutorial misconduct denied him a fair trial. We have reviewed the alleged instances of prosecutorial misconduct and most are waived by failure to object. The prosecutor's arguments to the jury consisted mainly of fair comments and reasonable inferences based in the evidence. Reversal is a proper remedy when grossly improper and unwarranted argument affects a defendant's rights. *Coates v. State* 137 F.3d 682 (Okla. Crim. App. 2006). Such was not the case in this trial.

*Hicks*, No. F-2005-1058, slip op. at 4.

> In a habeas corpus action, claims of prosecutorial misconduct are reviewed only for a violation of due process. *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986). "[N]ot every trial error or infirmity which might call for application of supervisory powers correspondingly constitutes a failure to observe that fundamental fairness essential to the very concept of justice."

9

*Donnelly v. DeChristoforo*, 416 U.S. 637, 642 (1974) (citations and quotations omitted). In order to be entitled to relief, [petitioner] must establish that the prosecutor's conduct or remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id.* at 643. This determination may be made only after considering all of the surrounding circumstances, including the strength of the state's case. *See Darden*, 477 U.S. at 181-82.

*Malicoat v. Mullin*, 426 F.3d 1241, 1255 (10th Cir. 2005), *cert. denied*, 547 U.S. 1181 (2006).

Petitioner complains the prosecutor attempted to inflame the jury by misstating the evidence and defense counsel's opening statement. The State asserted on direct appeal that this was the prosecutor's recollection of the evidence, in a case with numerous witnesses with varying recollections of the events. The trial court correctly admonished the jury that this was argument (Tr. II 53), and this court finds petitioner has failed to show he was prejudiced by the prosecutor's statements.

Petitioner next complains that the prosecutor attempted to shift the burden of proof to the defense by arguing that the evidence was "uncontroverted," and petitioner had not presented any witnesses. This was a correct statement of the evidence and did not shift the burden of proof to the petitioner. Prosecutors are entitled to argue the evidence, and in Oklahoma, "when no evidence has been offered by the defense on a particular issue, it may be fairly said that the evidence is undisputed, uncontradicted or unrefuted." *Lewis v. State*, 732 P.2d 1, 3 (Okla. Crim. App. 1987) (citing *Hays v. State*, 617 P.2d 223, 230 (Okla. Crim. App. 1980); *see also Myers v. State*, 133 P.3d 312, 329 (Okla. Crim. App. 2006).

Regarding comments on the petitioner's right to call witnesses, there was no shift in the burden of proof. The record shows that the prosecutor told the jury, " They don't have

any burden of proof . . . ." (Tr. II 56). Notwithstanding the prosecutor's statement that petitioner had no burden of proof, the OCCA consistently has held that comments on the petitioner's access to evidence and his right to call witnesses is permissible argument. *Pickens v. State*, 19 P.3d 866, 880 (Okla. Crim. App. 2001).

Finally, petitioner complains the prosecutor asked leading questions of his witnesses. Leading questions are proper to establish preliminary matters, and are a matter of the discretion of the trial court. *Powell v. State*, 995 P.2d 510, 529 (Okla. Crim. App. 2000). Defense counsel did not object at trial to most of the offending leading questions, and he has no shown how he was prejudiced by the use of leading questions.[2]

After careful review of the record and consideration of the surrounding circumstances and the strength of the State's case, the court finds petitioner has failed to show the prosecutor's conduct or remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly*, 416 U.S. at 643. The court further finds the OCCA's decision on this issue was not contrary to, or an unreasonable application of, federal law, and the OCCA's determination was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

**Ground V: Judicial Bias**

Petitioner claims the trial court's rulings and omissions prevented him from presenting a defense and allowed the prosecutor to attack defense counsel and Mr. Hicks throughout the trial. The OCCA found this claim was "fanciful, if not frivolous" and denied relief. *Hicks*,

---

[2] Petitioner's argument regarding alleged gender bias concerns his conviction for the attempted rape of C.S. and is not pertinent to this conviction. His complaint regarding his conviction for indecent exposure is moot, because the OCCA reversed that conviction.

11

No. F-2005-1058, slip op. at 3-4.

The Supreme Court has held that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Litely v. United States*, 510 U.S. 540, 555 (1994). Moreover, questions of judicial bias generally are not constitutional issues. *Bracey v. Gramley*, 520 U.S. 899, 904 (1997).

The respondent points out that petitioner did not request recusal of the trial judge, and under Oklahoma law the issue of judicial bias for appellate review is waived for all but plain error. *Alexander v. State*, 48 P.3d 110, 114 (Okla Crim. App. 2002). As set forth above, the conduct of the prosecutor and the rulings of the trial court were proper, so petitioner has not demonstrated bias against him by the trial judge.

Evidence that petitioner was intoxicated did not rise to the level of a defense, and the evidence showed he was not so intoxicated that he could not form specific intent to commit the crimes. In addition, petitioner has not shown what specific defense he intended to present or how the trial court prevented him from presenting the desired defense.

Here, the court finds petitioner has failed to demonstrate actual judicial bias or even the appearance of bias. He also has not shown any denial of due process by the trial court. Petitioner's disagreement with the trial court's rulings is not proof of bias. The OCCA's determination of this claim was consistent with federal law, and habeas relief cannot be granted.

**Ground VI: Excessive Sentence**

Finally, petitioner alleges his ten-year sentence is excessive. He asserts that prior to the jury instructions, defense counsel requested instructions that petitioner would have to serve 85% of any prison sentence for Injury of a Minor Child, but the trial judge refused to

give the instruction. During deliberations the jury sent two notes to the trial court. The two notes asked: "Is our sentence a recommend [sic] or is [sic] the Judge set the amount of time served?" and " How many years will he serve if we give him twenty (20) years?" The court responded without objection, stating, "You have received all the proper evidence and instructions. Please continue your deliberations." Petitioner asserts that if the jury had been advised that he would have to serve 85% of his sentence, he likely would have been sentenced to less than ten years, especially in view of his youth and lack of prior convictions.

The OCCA denied relief on this claim as follows:

> . . . The charge of injury to a minor child . . . carried up to life imprisonment, yet the jury chose ten (10) years for that offense . . ., indicating that the jury was not influenced . . . by the unlimited upper range of punishment given in the instructions. The jury chose sentences at the low end of the authorized range . . . . [Petitioner] has not shown that the misdirection of the jury here probably resulted in a miscarriage of justice or denied a substantial statutory or constitutional rights. Okla. Stat. tit. 20, § 3001.1 (2001). . . .
>
> [Petitioner] seeks modification of the sentence due to the absence of a jury instruction explaining that [he] must serve 85% of the sentence[] for . . . injury to a minor child before he is eligible for parole. *Anderson v. State*, 130 P.3d 273 (Okla. Crim. App. 2006); Okla. Stat. tit. 21, § 13.1 (2003). Defense counsel requested leave to inform the jury that some of [petitioner's] charges carried sentences subject to the 85% rule of Okla. Stat. tit. 21, § 13.1 (2003). The District Court Refused this request. [Petitioner's] trial predates our decision in *Anderson*, but we review *Anderson* errors in cases pending when *Anderson* was decided to "determine whether the error resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right." *Carter v. State*, 147 P.3d 243, 244 (Okla. Crim. App. 2006).
>
> We take note that [petitioner] was eighteen years of age when these crimes were committed. He had no prior criminal record. During deliberations, the jury asked two questions about sentencing: "Is our sentence a recommend [sic] or is [sic] the Judge set the amount of time served?" and

13

"How many years will he serve if we give him 20 years?" The District Court replied that the jury had the law and evidence necessary to a decision. This exchange is not materially different from the questions asked by the juries in *Anderson* and *Carter*, and the answers those juries received from the bench. *Cf. Anderson*, 130 P.2d at 277-78 (jury asked how many years had to be served before a person was eligible for parole); *Carter*, 147 P.3d at 244 ("What is the minimum # of years served before coming up for parole?"). As in those cases, the Court finds that the failure to give the jury an instruction on the 85% rule "prejudicially impacted the sentencing deliberation." *Carter*, 147 P.3d at 245.

After receiving the District Court's response that it had all the proper law and evidence, the jury sentenced [petitioner] to a total of thirty (30) years incarceration. We infer from the jury's question, the response, and the ultimate outcome that the jurors engaged in "'rounding up' their sentences, in an attempt to account for their uninformed guesses about the impact of parole." *Carter*, 147 P.3d at 245 (quoting *Anderson* 130 P.3d at 282). However, nothing in the record suggests the jury intended to sentence [petitioner] to *less than* twenty (20) years imprisonment. In addition to the ten (10) year sentences for attempted rape and injury to a minor child, the jury assessed four (4) years--of an available ten (10) year maximum--for indecent exposure; the maximum of two (2) years imprisonment in each fluid transfer offense; and the maximum jail time for both misdemeanors, amounting to another ten (10) years incarceration.

The prejudice readily attributable to the *Anderson* error is this *additional* ten (10) years imprisonment ultimately imposed by the jury *after* it was denied information about the effect of the 85% Rule on a proposed twenty-year sentence. The District Court reversed this prejudicial impact at formal sentencing, when it effectively imposed a total of twenty (20) years imprisonment, rather than the thirty (30) years assessed by the jury. On these facts, we find neither remand for re-sentencing nor further modification of the sentence on appeal is warranted.

*Hicks*, No. F-2005-1058, slip op. at 5-8 (emphasis in original).

Sentencing issues are matters of state law generally not cognizable in federal habeas corpus proceedings. *See Johnson v. Cowley*, 40 F.3d 341, 345 (10th Cir. 1994). A petitioner is not entitled to habeas relief if the sentence imposed is within the statutory limitations.

14

*Dennis v. Poppell*, 222 F.3d 1245, 1258 (10th Cir. 2000), *cert. denied*, 534 U.S. 887 (2001).

Here, the OCCA's determination of this state-law claim was based on interpretation of state law, and the sentence was within the statutory limitations. Therefore, habeas corpus relief cannot be granted.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given fourteen (14) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 27th day of June 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE